IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

| | | |
|---|---|---|
| **KEITH HAGER,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00751 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **U.S. ATTORNEY GENERAL, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Respondents. | ) | |

*Keith Hager, Pro Se Petitioner.*

The petitioner, Keith Hager, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that the United States Attorney General and the Warden of the United States Penitentiary in Lee County, Virginia ("USP Lee") are detaining him in violation of due process. After review of the record, I will summarily dismiss the petition.

Court records indicate that Hager pleaded guilty in the United States District Court for the Northern District of Iowa to a charge of conspiring to distribute 100 grams or more of heroin within one thousand feet of a school.  The Court sentenced Hager to the statutory maximum sentence of 960 months in prison, and the judgment was affirmed on appeal.  *United States v. Hager*, 609 F. App'x 355 (8th Cir. 2015) (unpublished).  Hager's motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 was denied in 2017.  *Hager v. United States*, No. 1:17-cv-00060-

LRR-MAR (N.D. Iowa July 7, 2017), *appeal dismissed*, No. 20-2587 (8th Cir. Oct. 6, 2020). This court also dismissed for lack of jurisdiction Hager's previous § 2241 petition. *Hager v. Warden*, No. 7:19CV00226, 2019 WL 2570532 (W.D. Va. June 21, 2019), *aff'd*, 797 F. App'x 122 (4th Cir. 2020) (unpublished).

Hager states in his present § 2241 petition that he is not challenging the validity of his conviction or sentence as imposed. Rather, he claims to be challenging the United States "Attorney General's rights and authority to continue to withhold [Hagar] from his liberty interest" by incarcerating him in the Bureau of Prisons ("BOP"). Pet. 2, ECF No. 1.[1] Hager has raised his "request to be discharged from illegal or unlawful imprisonment" through every level of the BOP administrative remedies procedure. *Id.* at 2. BOP officials have rejected that request, stating that they have no authority to release him from prison. Hager asserts that by continuing to incarcerate him, the Attorney General is violating his liberty interest under the Due Process Clause of the Fifth Amendment, 18 U.S.C. § 4001(a) of the "Non-Detention Act," 18 U.S.C. § 4007, and the Eighth Amendment. *Id.* at 6–8. As relief, Hager asks the court to order him discharged from "illegal or unlawful imprisonment." *Id.* at 8.

---

[1] For consistency's sake, page numbers cited in this memorandum opinion will be those assigned by the court's docketing system, CM-ECF, rather than the page numbers on various parts of Hager's pleading and attachments.

The gist of Hager's arguments appears to be that a motion under "§ 2255 is intended to collaterally attack a judgment of conviction and sentence," but "§ 2241(c)(1) is aimed at challenging 'the legality of a federal prisoner's detention,' and not a direct challenge or attack at the judgment of conviction."  Mem. Supp. 4, ECF No. 1-1.  Thus, Hager argues, he can bring a § 2241 petition to prove the illegality of his detention, using the savings clause of § 2255(e), without asking to have his conviction or sentence overturned.  His actual arguments that his detention is unlawful, however, challenge the validity of the district court's calculation of his sentence as it was imposed.  Contrary to Hager's characterization of his petition, all of its arguments related to the factual matter of his criminal case either challenge the validity of his conviction or his sentence as imposed.

Pursuant to § 2255(e), a prisoner may challenge his conviction and sentence in a traditional petition for a writ of habeas corpus pursuant to § 2241, if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  An even more stringent test must be satisfied to challenge a federal sentence as illegal under § 2241:

> [Section] 2255 is inadequate and ineffective to test the legality of a
> sentence when: (1) at the time of sentencing, settled law of this circuit
> or the Supreme Court established the legality of the sentence; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion, the
> aforementioned settled substantive law changed and was deemed to
> apply retroactively on collateral review; (3) the prisoner is unable to
> meet the gatekeeping provisions of § 2255(h)(2) for second or
> successive motions; and (4) due to this retroactive change, the sentence
> now presents an error sufficiently grave to be deemed a fundamental
> defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Hager's claims in the instant § 2241 petition do not fall into either of the narrow categories of claims defined by *In re Jones* or *Wheeler*. He does not demonstrate that his offense conduct is no longer criminal in light of a particular change in the law since his direct appeal and first § 2255 motion. It is still a crime to conspire to traffic in heroin near a school. Moreover, Hager's challenges to his sentence are directed to the trial court's calculations — in essence, alleging that the trial court should have calculated his sentence differently, using a lower amount of drugs. Moreover, Hager's arguments on these points do not rely on particular, post-conviction court decisions or demonstrate that any such decision has been recognized as having retroactive application.

Hager contends that I have jurisdiction to address his claims under § 2241 and the so-called Non-Detention Act, 18 U.S.C. § 4001(a), as in *Kahn v. Miner*, No. 5:12-HC-2149-FL, 2012 WL 5451257 (E.D.N.C. Nov. 7, 2012). The petitioner in that case argued, like Hager, that the Department of Justice and the BOP are not

authorized to imprison anyone, according to the Non–Detention Act, which

provides: "No citizen shall be imprisoned or otherwise detained by the United States

except pursuant to an Act of Congress."  18 U.S.C. § 4001(a).  In fact,

> Congress has granted both the United States Attorney General and the
> BOP the authority to incarcerate persons who have been convicted of
> federal crimes.  *United States v. Wilson*, 503 U.S. 329, 332, 112 S. Ct.
> 1351, 117 L.Ed.2d 593 (1992) ("The Attorney General, through the
> Bureau of Prisons, has the responsibility for imprisoning federal
> offenders.") (citing 18 U.S.C. § 3621(a))1; *United States v. Joshua*, 607
> F.3d 379, 389 (4th Cir. 2010) (stating that Title 18 of the United States
> Code authorizes a federal offender's commitment to the BOP).

*Kahn*, 2012 WL 5451257, at *2.  Like the petitioner in *Kahn*, Hager was convicted

and sentenced for a conviction of a federal crime, so he is lawfully confined in the

BOP to serve the sentence imposed for that crime.[2]

Hager also asserts that his claims are no different than claims raised in

*Sandusky v. Goetz,* 944 F.3d 1240 (10th Cir. 2019).  However, the crimes and the

statute at issue in the *Sandusky* case both concerned marijuana, a substance that has

been legalized in some states.  Hager's crime involved heroin.  He provides no

information suggesting that heroin trafficking was legal in Iowa at the time of his

---

[2] Hager also alleges that his detention somehow violates 18 U.S.C. § 4007, which
merely provides that the costs of imprisoning "persons arrested or committed under the
laws of the United States . . . shall be paid out of the Treasury of the United States in the
manner provided by law."  Since it is undisputed that Hager is serving a sentence of
imprisonment for violations of federal law, I fail to see any respect in which he is entitled
to release from prison under § 4007.

offense conduct.  Thus, I find no similarity between his claims and those addressed in the *Sandusky* case.

In short, a federal inmate may not use § 2241 to challenge the legality of his conviction or sentence without meeting the standards outlined in *In re Jones* or *Wheeler*, which Hager has not done.  Accordingly, I conclude that I am without jurisdiction to address Hager's claims attacking either his conviction or his sentence under § 2241.  I will summarily dismiss his petition without prejudice.

A separate Final Order will be entered herewith.

DATED:   July 26, 2021

/s/  James P. Jones
United States District Judge